UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JESSICA GROVES, | : | |
| | : | |
| Petitioner, | : | Case No. 3:23-cv-160 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| WARDEN, DAYTON CORRECTIONAL INSTITUTION, | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| | : | |
| Respondent. | : | |

**ENTRY AND ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATIONS (DOC. NO. 17); ADOPTING, IN FULL, THE REPORT AND RECOMMENDATIONS (DOC. NO. 15); AND, TERMINATING THIS CASE ON THE COURT'S DOCKET**

The instant petition for *habeas corpus* is currently before the Court on the Report and Recommendations (the "Report") (Doc. No. 15) issued by United States Magistrate Judge Elizabeth P. Deavers, as well as Petitioner Jessica Groves' ("Groves") Objections to Report and Recommendations (the "Objections") (Doc. No. 17). By way of her Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") (Doc. No. 1), Groves seeks relief from her term of imprisonment, imposed by the Scioto County Court of Common Pleas, alleging that her trial counsel rendered ineffective assistance in her state court criminal proceedings. (*See* Doc. No. 1 at PageID 2.) Magistrate Judge Deavers recommends that Groves' Petition be denied with prejudice and Groves should be denied a certificate of appealability, either *in forma pauperis* or otherwise. (Doc. No. 15 at PageID 3349.) Groves' Objections largely repeat the allegations contained in her Petition, primarily arguing that her trial counsel was ineffective due to a lack of any trial strategy. (*See* Doc. No. 17 at PageID 3356.)

1

The facts of Groves' case are truly harrowing and they have been adequately detailed in the Scioto County Court of Common Pleas (Doc. No. 9 at PageID 126-33), the Ohio Court of Appeals (*id.* at PageID 206-31), and Magistrate Judge Deavers' Report (Doc. No. 15 at PageID 3317-31).  The Court will not suffer its readers to recite the details of this case in their entirety yet again.  For the purposes of this Order, the Court only notes that Groves was prosecuted and convicted for a series of crimes after she caused the death of her infant son on March 28, 2019, and proceeded to hide the body in a well near her home.  (Doc. No. 9 at PageID 226-27.)  In particular, in early January of 2020, following a jury trial, Groves was convicted in the Scioto County Court of Common Pleas of aggravated murder, murder, kidnapping, endangering children, tampering with evidence, interference with custody, gross abuse of a corpse, and four counts of felonious assault.  (*Id.* at PageID 126-28.)  She was consequently sentenced by the state court to a prison term of life without parole.  (*Id.* at PageID 130-31.)

In her Report, Magistrate Judge Deavers reviewed Groves' claim that she received ineffective assistance of trial counsel consistent with the Supreme Court's precedent in *Strickland v. Washington*, 466 U.S. 668 (1983).  (*See* Doc. No. 15 at PageID 3333.)  Accordingly, Magistrate Judge Deavers found at every turn that Groves' trial counsel in the Court of Common Pleas did not provide deficient representation nor did counsel's performance otherwise prejudice Groves at trial.  (*Id.* at PageID 3333-48.)  Groves objects to Magistrate Judge Deavers' findings, mainly balking at the characterization of her crimes as murder rather than involuntary manslaughter.  (*See e.g.*, Doc. No. 17 at PageID 3355.)

If a party objects within the allotted time to a United States magistrate judge's report and recommendation, then the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C.

§ 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has conducted a *de novo* review of the entire record in this case and neither Groves' Petition nor her Objections are well-taken.  At trial, Groves' counsel presented her defense, or lack thereof, pursuant to a strategy developed with Groves' consent.  As Magistrate Judge Deavers correctly held, this can hardly constitute deficient performance under *Strickland*.  Even assuming Groves' trial counsel did offer deficient performance, there is no indication that she could have been actually prejudiced by it.  When prosecuting her, the State presented overwhelming evidence of Groves' guilt.  Groves' conviction was a forgone conclusion.  Whether Groves would prefer to refer to her actions as involuntary manslaughter rather than murder is irrelevant.  Involuntary manslaughter is a crime unto itself, not a defense for murder.

No, Groves very much earned the prison sentence she currently serves, and, the Court would not dare deprive her of the opportunity to repay her debt to society based on such flimsy premises.  Therefore, Groves Objections are **OVERRULED**.  The Court **ACCEPTS** the findings and recommendations made by Magistrate Judge Deavers, **ADOPTS** the Report and Recommendations (Doc. No. 15), and **DISMISSES** the present action **WITH PREJUDICE**.  Because reasonable jurists could not disagree with this outcome, Groves is further **DENIED** a certificate of appealability and shall not be permitted leave to appeal *in forma pauperis*.  The Clerk is directed to **TERMINATE** this case on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, January 2, 2025.

                                                                                           s/Thomas M. Rose

                                            _____
                                                      THOMAS M. ROSE
                                     UNITED STATES DISTRICT JUDGE